UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MURPHY M.,

Plaintiff,

v.

SSA COMMISSIONER,

Defendant.

Case No. 25-cv-04136-KAW

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 9, 10

Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, and the remand of this case for further proceedings. Pending before the Court is Plaintiff's motion for summary judgment and Defendant's cross-motion for summary judgment. Having considered the papers filed by the parties, and for the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment, and DENIES Defendant's cross-motion for summary judgment.

## I. BACKGROUND

Plaintiff filed for Title II and Title XVI benefits on October 11, 2022. (Administrative Record ("AR") 218, 229.) The Social Security Administration ("SSA") denied Plaintiff's application initially and on reconsideration. (AR 40, 54, 68, 77.) Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"); the hearing was held on February 8, 2024. (AR 14.) Following the hearing, the ALJ denied Plaintiff's application on May 22, 2024. (AR 89-103.) A request for review of the ALJ's decision was filed with the Appeals Council on June 21, 2024. (AR 211-212.) The Appeals Council denied Plaintiff's request for review on March 27, 2025. (AR 1.)

On May 14, 2025, Plaintiff commenced this action for judicial review pursuant to 42

United States District Court
Northern District of California

U.S.C. § 405(g). (Compl., Dkt. No. 1.) Plaintiff filed the motion for summary judgment on August 7, 2025. (Pl.'s Mot., Dkt. No. 9.) Defendant filed an opposition and cross-motion for summary judgment on September 2, 2025. (Def.'s Opp'n, Dkt. No. 10.) Plaintiff filed a reply on September 12, 2025. (Pl.'s Reply, Dkt. No. 11.)

## II. LEGAL STANDARD

A court may reverse the Commissioner's denial of disability benefits only when the Commissioner's findings are 1) based on legal error or 2) are not supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is "more than a mere scintilla but less than a preponderance"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1098; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Id.* "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

Under SSA regulations, disability claims are evaluated according to a five-step sequential evaluation. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). At step one, the Commissioner determines whether a claimant is currently engaged in substantial gainful activity. *Id.* If so, the claimant is not disabled. 20 C.F.R. § 404.1520(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments," as defined in 20 C.F.R. § 404.1520(c). *Reddick*, 157 F.3d 715 at 721. If the answer is no, the claimant is not disabled. *Id.* If the answer is yes, the Commissioner proceeds to step three, and determines whether the impairment meets or equals a listed impairment under 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If this requirement is met, the claimant is disabled. *Reddick*, 157 F.3d 715 at 721.

If a claimant does not have a condition which meets or equals a listed impairment, the fourth step in the sequential evaluation process is to determine the claimant's residual functional

United States District Court
Northern District of California

capacity ("RFC") or what work, if any, the claimant is capable of performing on a sustained basis, despite the claimant's impairment or impairments. 20 C.F.R. § 404.1520(e). If the claimant can perform such work, he is not disabled. 20 C.F.R. § 404.1520(f). RFC is the application of a legal standard to the medical facts concerning the claimant's physical capacity. 20 C.F.R. § 404.1545(a). If the claimant meets the burden of establishing an inability to perform prior work, the Commissioner must show, at step five, that the claimant can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d 715 at 721. The claimant bears the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953-954 (9th Cir. 2001). The burden shifts to the Commissioner at step five. *Id.* at 954.

## III. DISCUSSION

Plaintiff challenges the ALJ's decision on the following grounds: (1) the ALJ failed to properly evaluate Plaintiff's testimony, (2) the ALJ failed to formulate a RFC that adequately accommodated Plaintiff's migraine headaches, and (3) the ALJ failed to formulate a RFC that adequately accommodated Plaintiff's obesity.

### A. Plaintiff's Testimony

Plaintiff argues that the ALJ erred by failing to provide clear and convincing reasons for rejecting Plaintiff's testimony. (Pl.'s Mot. at 10.) In the absence of affirmative evidence of malingering, the ALJ may reject a claimant's testimony by offering clear and convincing reasons for doing so. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

"A finding that a claimant's testimony is not credible must be sufficiently specific to allow a reviewing claimant to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (internal quotation omitted). Thus, "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.* (internal quotations omitted).

Here, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 98.) The ALJ then

proceeded to summarize the medical record, but did not connect the medical record to Plaintiff's testimony or otherwise identify any inconsistencies with Plaintiff's testimony. (*See* AR 98-101.) This is clear error. Indeed, the Ninth Circuit has found that an ALJ committed legal error where, like in the instant case, the ALJ "did not specifically identify any such inconsistencies" but instead "simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination." *Brown-Hunter*, 806 F.3d at 494. In other words, while "the ALJ summarized a significant portion of the administrative record in support of her RFC determination, providing a summary of medical evidence in support of a [RFC] finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Id.*

Accordingly, the Court finds that the ALJ erred in weighing Plaintiff's testimony.

**B. Migraine Headaches**

Plaintiff argues that the ALJ failed to formulate a RFC that adequately accommodated his migraine headaches, pointing to his testimony that he suffered migraines nearly every day, resulting in auras, nausea, vomiting, dizziness, and forgetfulness. (Pl.'s Mot. at 15.) Again, the ALJ failed to provide clear and convincing reasons for discounting this testimony. While Defendant argues that the ALJ found that Plaintiff's headaches were managed with medication, the ALJ never identified the testimony she found not credible. Thus, she necessarily "did not link that testimony to the particular parts of the record supporting her non-credibility determination," which constitutes legal error. *Brown-Hunter*, 806 F.3d at 494. The Ninth Circuit has also rejected the argument that a court "can infer that the ALJ rejected [a plaintiff's] testimony to the extent it conflicted with t[he] medical evidence" summarized in support of the RFC. *Id.*

Accordingly, the Court finds that the ALJ erred in formulating the RFC with respect to Plaintiff's migraine headaches.

**C. Obesity**

Finally, Plaintiff argues that the ALJ failed to formulate a RFC that adequately accommodated his obesity, arguing that the ALJ did not consider the limiting effects of Plaintiff's obesity on his other impairments. (Pl.'s Mot. at 16-17.)

United States District Court
Northern District of California

The Court finds no error. The ALJ recognized and considered Plaintiff's obesity, and Plaintiff does not identify any functional limitations that would result from Plaintiff's obesity. Rather, Plaintiff only points to Plaintiff's use of crutches to avoid excessive weightbearing on his knee through January 2023, but does not explain how this will result in additional imitations. *See Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir. 2005) (finding no error where the plaintiff "has not set forth, and there is no evidence in the record, of any functional limitations as a result of her obesity that the ALJ failed to consider").

Accordingly, the Court finds no error as to the ALJ formulating the RFC with respect to Plaintiff's obesity.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Plaintiff's motion for summary judgment and DENIES Defendant's cross-motion for summary judgment. Because it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence was properly evaluated, remand is appropriate. On remand, the ALJ must properly evaluate the evidence based on applicable law and consistent with this order.

IT IS SO ORDERED.

Dated: September 23, 2026

KANDIS A. WESTMORE
United States Magistrate Judge